IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PROGRESSIVE NORTHERN INSURANCE
COMPANY
6300 Wilson Mills Road
Mayfield Village, OH 44143

    Plaintiff,

v.                                                                    Case No.:   3:21cv497

M&J AUTO CENTER, LLC d/b/a M&J CAR
 SOLUTIONS
SERVE:
Jarrett Devoe White, Registered Agent
500 Copeland Drive
Hampton, VA 23661

    and

MARLON HARVEY
4915 Jefferson Avenue
Newport News, VA 23607

    and

DARRIN ROBINSON
138 Ashton Green Boulevard
Newport News, VA 23608

    and

CHARLES BRIAN DIGGS, Administrator
 for the Estate of Hailey Diggs,
 Decedent

    and

| | |
|---|---|
| TIDEWATER AUTOMOBILE ASSOCIATION<br>OF VIRGINIA, INC.<br><u>SERVE:</u><br>Corporation Service Company, Registered Agent<br>100 Shockoe Slip, FL2<br>Richmond, VA 23219 | : <br> : <br> : <br> : <br> : <br> : <br> : |
| and | : |
| EAST COAST TRUCK & TRAILER SALES, INC.<br>d/b/a THE TOWING & AUTO TRANSPORT<br>SUPERSTORE<br><u>SERVE:</u><br>Carl A. Eason, Registered Agent<br>200 Bendix Rd., Ste. 300<br>Virginia Beach, VA 23452 | : <br> : <br> : <br> : <br> : <br> : <br> : |
| and | : |
| KARLA NOELLE SHERMAN<br>4964 Burnley Drive<br>Williamsburg, VA 23188 | : <br> : <br> : |
| and | : |
| ERIE INSURANCE COMPANY<br><u>SERVE:</u><br>James E. Weaver, Registered Agent<br>Colonnade Corporate Center<br>2820 Electric Road, Ste. 100<br>Roanoke, VA 24018 | : <br> : <br> : <br> : <br> : <br> : |
| and | : |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY<br><u>SERVE:</u><br>Corporation Service Company, Registered Agent<br>100 Shockoe Slip, FL 2<br>Richmond, VA 23219 | : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Progressive Northern Insurance Company (hereinafter "Progressive"), by and through its attorneys, DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, pursuant to Sections 2201 and 2202 of Title 28 of the United States Code and Rule 57 of the Federal Rules of Civil Procedure, and files this Complaint for Declaratory Judgment to determine a real and justiciable controversy between the parties with respect to their rights and obligations under an insurance contract.

I.  THE PARTIES

1. The Plaintiff, Progressive, is a corporation, organized under the laws of Wisconsin, with its principal office located in Ohio, and issued an auto insurance policy, Policy Number 03212473-0, at issue in this matter (hereinafter the "Policy"). (Exhibit Nos. 1 – Declaration Sheet, and 2 – Policy with endorsements and amendments).

2. Defendant M&J Auto Center, LLC, (hereinafter "M&J Auto") is a limited liability company organized and existing under the laws of the Commonwealth of Virginia and is seeking coverage under the Policy for claims by or against it arising from the Accident.

3. Defendant Marlon Harvey (hereinafter "Harvey") is a resident of Virginia, is the owner and operator of Defendant M&J Auto and is seeking coverage under the Policy for claims by or against him arising from the Accident.

4. Defendant Darrin Robinson (hereinafter "Robinson") is a resident of Virginia and is seeking coverage under the Policy for claims by or against him arising from the Accident.

5. Defendant Charles Brian Diggs, Administrator for the Estate of Hailey Diggs, is a resident of Virginia, qualified as administrator for the estate on or about May 28, 2021, and is

seeking coverage under the Policy for claims of personal injury and wrongful death arising from the Accident.

6. Defendant East Coast Truck and Trailer Sales, Inc. (hereinafter "East Coast Truck") is a corporation organized and existing under the laws of the Commonwealth of Virginia and is seeking coverage under the Policy for claims by or against it arising from the Accident.

7. Defendant Tidewater Automobile Association of Virginia, Inc. (hereinafter "Tidewater Auto") is a corporation organized and existing under the laws for the Commonwealth of Virginia that provides liability insurance to Defendant East Coast Truck and is seeking, under the Policy, coverage for and a duty defend against any and all claims against it or Defendant East Coast Truck arising from the Accident.

8. Defendant Karla Noelle Sherman (hereinafter "Sherman") is a resident of Virginia who was a driver involved in the Accident and is seeking coverage under the Policy for injuries, damages, and claims arising from the Accident.

9. Defendant Erie Insurance Company (hereinafter "Erie") is a corporation licensed to conduct business in the Commonwealth of Virginia that provides uninsured/underinsured motorist insurance to Defendant Sherman and is seeking, under the Policy, coverage for and a duty to defend against any and all claims arising from the Accident.

10. Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is a corporation licensed to conduct business in the Commonwealth of Virginia that provides uninsured/underinsured motorist insurance for the Decedent, Hailey Diggs, and is seeking, under the Policy, coverage for and a duty to defend against any and all claims arising from the Accident.

11. Upon information and belief, there are no other necessary parties to this action.

## II. JURISDICTION AND VENUE

12.     This Court has diversity jurisdiction over the parties and this action pursuant to 28 U.S.C. §1332(a)(1). Diversity jurisdiction exists because this action is between citizens of different states and because the amount in controversy, exclusive of interests and costs, exceeds $75,000.

13.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) because Defendants Harvey, Robinson, Diggs, and Sherman reside in this district, Defendants Tidewater Auto, East Coast Truck, Erie and State Farm conduct business in this district, and the underlying Accident giving rise to this controversy occurred in this district.

14.     A justiciable controversy that is ripe for adjudication exists between the parties to this suit as to insurance coverage and duties to defend and indemnify, as claims have been made and denied under the Policy, and thus, an Article III case or controversy exists.

## III. THE CONTROVERSY

15.     All the parties hereto are interested in having the Court resolve the issue of whether there is insurance coverage available under the Policy for any claims arising from a fatal multi-vehicle accident that occurred on February 23, 2021, in James City County, Virginia (hereinafter the "Accident").

16.     The Policy affords liability coverage with a combined single limit of $1,000,000.00

17.     M&J Auto has requested that Progressive provide insurance coverage and a defense under the Policy for any claims, damages, or injuries, by or against M&J Auto, arising out of the Accident.

18. Progressive asserts that it does not owe coverage, of any nature, under the Policy, to M&J Auto or to Darrin Robinson, for any claims by or against M&J Auto or Darrin Robinson for damages or injuries arising out the Accident.

19. Pursuant to the terms of the Policy, Progressive informed all necessary parties, by letter dated June 16, 2021, which is incorporated herein by reference, that Progressive is denying coverage under the Policy for any claims arising from the Accident.

IV. THE UNDERLYING ACCIDENT

20. Upon information and belief, on or about February 23, 2021, at approximately 8:30 am, a three-vehicle accident involving vehicles operated by Robinson, Diggs, and Sherman occurred on Humelsine Parkway near Longhill Road in James City County. No allegation herein is intended to be an admission binding upon Progressive or any party in any claim, suit or proceeding for any claims, injuries, or damages brought by or against any party arising out of the Accident.

21. Upon information and belief, on the date and at the time of the Accident, Robinson was operating a 2014 Hino flat-bed truck (hereinafter the "Flat-Bed Truck"), with Virginia license plate #5574TW, on Humelsine Parkway near Longhill Road in James City County.

22. Upon information and belief, on the date and at the time of the Accident, Robinson was acting as an agent of M&J Auto, which had been called with a request for a truck to pull a disabled vehicle out of the median on Humelsine Parkway.

23. Upon information and belief, on the date and at the time of the Accident, East Coast Truck was the listed owner of the Flat-Bed Truck.

24. Upon information and belief, on the date and at the time of the Accident, Robinson had parked the Flat-Bed Truck partially in the left westbound travel lane of Humelsine Parkway.

25. Upon information and belief, on the date and at the time of the Accident, Decedent Hailey Diggs was driving her vehicle westbound in the left lane on Humelsine Parkway approaching the Flat-Bed Truck.

26. Upon information and belief, on the date and at the time of the Accident, Sherman was also driving a vehicle westbound in the left lane on Humelsine Parkway, some distance behind the Diggs' vehicle.

27. Upon information and belief, on the date and at the time of the Accident, the Diggs' vehicle struck the parked Flat-Bed Truck allegedly causing damage to Diggs' vehicle. Ms. Diggs died at the scene.

28. Upon information and belief, on the date and at the time of the Accident, the vehicle driven by Sherman swerved right to avoid the Flat-Bed truck and struck the Diggs vehicle allegedly causing damage.

V.   VEHICLES AND DRIVERS LISTED ON THE POLICY

29. The Flat-Bed Truck operated by Robinson and involved in the Accident was never listed as an insured vehicle on the Policy.

30. M&J Auto never requested that the Flat-Bed Truck be listed as an insured vehicle under the Policy.

31. The only insured vehicle listed on the Policy is a 2012 Dodge Ram 400 ST/SLT with a VIN # ending in 4088.

32. The 2012 Dodge Ram 4500 was not out of service on the date of the Accident.

33. The Flat-Bed Truck was not a temporary substitute vehicle for the 2012 Dodge Ram 4500 that is the only insured vehicle listed on the Policy.

34. The Flat-Bed Truck was not a vehicle newly acquired by M&J Auto.

35. Robinson is not a listed driver on the Policy.

VI. POST-ACCIDENT INVESTIGATION AND LACK OF COOPERATION

36. Beginning on April 5, 2021, Progressive sent the first of 5 letters to Defendant M&J Auto, by regular and certified mail to 4915 Jefferson Avenue, Newport News, VA 23607 and by e-mail, requesting that Defendant Marlon Harvey produce a list of requested documents and appear for an Examination Under Oath on May 14, 2021, at 10:00 am. Each letter also set forth the purpose of the request for documents and the Examination Under Oath and consequences for failure to provide the documents or to appear for the Examination Under Oath.

37. None of the letters sent to Defendant M&J Auto were returned and none of the e-mails sent to Defendant M&J Auto were returned as not received.

38. Progressive received confirmation that all certified letters it sent had been received by Defendant M&J Auto.

39. At no time did Defendant M&J Auto provide the requested documents to Progressive.

40. On May 14, 2021, Defendant Marlon Harvey failed to appear for the Examination Under Oath.

41. Beginning on April 5, 2021, Progressive sent the first of 5 letters to Defendant Darrin Robinson, by regular and certified mail, requesting that Defendant Darrin Robinson produce a list of requested documents. Each letter also set forth the purpose of the request for documents and consequences for failure to provide the documents.

42. None of the letters sent to Defendant Darrin Robinson were returned.

43. Progressive received confirmation that all certified letters it sent had been received by Darrin Robinson.

44. At no time did Defendant Darrin Robinson provide the requested documents to Progressive.

VII. RELEVANT LANGUAGE FROM THE POLICY

45. The principal portions of the Policy relevant to the present lawsuit are as follows:

   a. Declaration Sheet (1 page) (Exhibit 1)

   b. Commercial Auto Policy (Exhibit 2)

46. The pertinent language from the Policy is as follows:

**COMMERCIAL AUTO POLICY (Page 1)**

If you pay your premium when due, we will provide the insurance described in this policy.

**DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS (Page 1)**

For coverage to apply under this policy, you or the person seeking coverage must promptly report each accident or loss even if you or the person seeking coverage is not at fault. Refer to your policy documents for the claims phone number.

You or the person seeking coverage must also obtain and provide us the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

\* \* \*

A person seeking coverage must:

1. Cooperate with us in any matter concerning a claim or lawsuit;
2. Provide any written proof of loss we may reasonably require;
3. Allow us to take signed and recorded statements, including sworn statements and <u>examinations under oath</u>, which we may conduct outside the presence of you, a relative, or any person claiming coverage, and answer all reasonable questions we may ask as often as we may reasonably require;

9

4. Promptly call us to notify us about any claim or lawsuit and send us any and all legal papers relating to any claim or lawsuit.

\* \* \*

**GENERAL DEFINITIONS (PAGE 2)**

**The words and phrases below, whether in the singular, plural or possessive, have the following special meanings when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless specifically modified.**

1. "Accident" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that caused bodily injury or property damage.

2. "Auto" means a land motor vehicle or trailer designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. ...

3. "Bodily injury" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.

\* \* \*

5. "Insured auto" or "your insured auto" means:

    a. Any auto specifically described on the declarations page; or

\* \* \*

12. "Property damage" means physical damage to, destruction of, or loss of use of, tangible property.

\* \* \*

14. "Temporary substitute auto" means any auto you do not own while used with the permission of its owner as a temporary substitute for an insured auto that has been withdrawn from normal use due to breakdown, repair, servicing, loss, or destruction.

**PART I - LIABILITY TO OTHERS (PAGE 6)**

**INSURING AGREEMENT - LIABILITY TO OTHERS**

Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or

exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto. However, we will only pay for the covered pollution cost or expense if the same accident also caused bodily injury or property damage to which this insurance applies.

We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part 1. We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY (PAGE 6)**

A.  When used in Part 1 - Liability To Others, insured means:

    1.  You with respect to an insured auto.

\* \* \*

    3.  Any other person or organization, but only with respect to the legal liability of those person or organization for acts or omissions of any person otherwise covered under this Part 1 - Liability to Others.

\* \* \*

B.  When used in Part I - Liability to Others - insured auto also includes:

\* \* \*

    3.  Any temporary substitute automobile.

\* \* \*

**PART II - DAMAGE TO YOUR AUTO (PAGE 14)**

**Note**: As stated, no claims have been made for collision or comprehensive coverage. Since ultimately it is the opinion of Progressive that there is no coverage owed for any damages or injuries arising out of the subject accident under the subject policy, the provisions of Part II - Damage to Your Auto (Pages 14 through 21) are not quoted herein.

\* \* \*

(N.B. - Virginia Amendatory Endorsement Form 4881VA (06/18) makes certain applicable amendments to language of the specimen policy that are recited below.) (Page 31).

**VIRGINIA AMENDATORY ENDORSEMENT (PAGE 31)**

**DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS**

The third paragraph of this section is <u>deleted and replaced</u> by the following:

If you or the person seeking coverage cannot identify the owner or operator of a vehicle involved in the accident, or if theft or vandalism has occurred, you or the person seeking coverage must promptly report the accident to either us or a proper authority.

\* \* \*

**PART 1 - LIABILITY TO OTHERS (PAGE 32)**

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

The Additional Definition of "Insured" is <u>deleted and replaced</u> by the following:

\* \* \*

3.  Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part 1 - Liability To Others.

\* \* \*

**SECTION IV - DEFINITIONS (PAGE 43)**

As used in this endorsement:

1.  "Covered auto" means a motor vehicle with respect to which:

    a.  The named insured is the owner.
    b.  The bodily injury liability or property damage liability coverage of the Coverage Form applies; and
    c.  The insurance provided under this endorsement applies and for which a specific premium has been charged.

\* \* \*

    4.  "Insured" means:

        a.      The named insured or any family member who sustains bodily injury while occupying a motor vehicle, or if struck by a motor vehicle while not occupying a motor vehicle; or

        b.      Any other person who sustains bodily injury while occupying a covered auto.

\* \* \*

**OTHER AMENDMENTS AND ENDORSEMENTS**

**THIS ENDORSEMENT CHANGES THE POLICY.**
**PLEASE READ CAREFULLY.**

**VIRGINIA CHANGES - BUSINESS AUTO**
**COVERAGE FORM (FORM CA 0116 (04/15)**

For a covered "auto" licensed or principally garaged in Virginia, this endorsement modifies insurance provided under the following:

**BUSINESS AUTO COVERAGE FORM**

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

A.    Paragraph A. Coverage of Section II - Liability Coverage is <u>replaced</u> by the following:

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

We have the right and duty to defend any "suit" for such damages, even if the "suit" is groundless, false or fraudulent. However, we have no duty to defend "suits" for "bodily injury" or "property damage" to which this insurance does not apply. We may investigate and settle any claim or suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\* \* \*

G.    The Business Auto Conditions of Section IV are <u>amended</u> as follows:

    1.    Paragraph A.2.b.(3) of the <u>Duties In The Event Of Accident, Claim Or Loss</u> Condition is <u>replaced</u> by the following:

  b. Additionally, you and any other involved "insured" must:

    (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit". The "insured" will be deemed not to have cooperated with us only if his or her failure or refusal to do so harms our defense of an action for damages.

  2. Paragraph A.2.c. of the Duties In The Event Of Accident, Claim Or Loss Condition is replaced by the following:

    c. If there is a "loss" to a covered "auto" or its equipment, you must also do the following, but only with respect to a Physical Damage claim:

     (1) Promptly notify the police if the covered "auto" or any of its equipment is stolen.

     (2) Do what is reasonably necessary to protect the covered "auto" from further damage. Also keep a record of your expenses for payment in the settlement claim.

     (3) Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

     (4) Agree to examinations under oath at our request and give us a signed statement of your answers.

\* \* \*

## ADDITIONAL INSURED ENDORSEMENT (FORM 1198 (01/04)

**Name of Person or Organization**

Tidewater Automobile
P.O. Box 947
Murrieta, CA 92564

The person or organization named above is an **insured** with respect to such liability coverage as is afforded by the policy, but this insurance applies to said **insured** only as a person liable for the conduct of another **insured** and then only to the extent of that liability. **We** also agree with **you** that insurance provided by this endorsement will be primary for any power unit specifically described on the Declarations Page.

     **Limits of Liability**
     **Bodily Injury**     Not applicable
     **Property Damage**   Not applicable
     **Combined Liability**  $1,000,000 each accident

     **All other terms, limits and provisions of this policy remain unchanged.**

     This endorsement applies to Policy Number: 03212473-0
     Issued to (Name of Insured): M&J Auto Center LLC
                  M&J Car Solutions

     Effective date of endorsement: 1/27/2021  Policy expiration date: 01/26/2022

     Form: 1198 (01/04)

## VIII. <u>OTHER</u>

47. That Progressive does not owe any insurance coverage, of any nature, under the Policy for any claims by or against M&J Auto arising out of the Accident.

48. That Progressive does not owe any duty under the Policy to defend M&J Auto from any claim of any nature arising out of the Accident.

49. That Progressive does not owe any insurance coverage, of any nature, under the Policy for any claims by or against Robinson arising out of the Accident.

50. That Progressive does not owe any duty under the Policy to defend Robinson from any claim of any nature arising out of the Accident.

51. That the Flat-Bed Truck operated by Robinson at the time and place of the Accident is not an insured vehicle or covered auto under the Policy.

52. That Marlon Harvey has failed to comply with and has breached the terms of the Policy by failing to provide any documents requested by Progressive and failing to appear for his examination under oath.

53. That M&J Auto has failed to comply with and has breached the terms of the Policy by failing to provide any documents requested by Progressive and failing to appear for an examination under oath.

54. That Darrin Robinson has failed to comply with and has breached the terms of the Policy by failing to provide any documents requested by Progressive.

55. That Progressive does not owe any insurance coverage, of any nature, under the Policy for any claims by or against Tidewater Auto arising out of the Accident.

56. That Progressive does not owe any duty under the Policy to defend Tidewater Auto from any claim of any nature arising out of the Accident.

57. That Progressive does not owe any insurance coverage, of any nature, under the Policy, to or on behalf of any person or entity for any claims or damages arising out of the Accident.

58. That Progressive does not owe a duty under the Policy to defend any person or entity from any claims or damages arising out of the Accident.

IX. RELIEF SOUGHT

59. WHEREFORE, the Plaintiff, PROGRESSIVE NORTHERN INSURANCE COMPANY, prays that the parties be convened and that this Court determine the rights and obligations of the various parties, one to the other, with respect to the matters alleged herein, and specifically that this Court determine, adjudge, and order and declare:

> A. That under the terms and provisions of Progressive Northern Insurance Company Policy Number 03212473-0, Progressive Northern Insurance Company does not owe liability coverage on behalf of Defendant M&J Auto

Center, LLC for any claims by or against Defendant M&J Auto Center, LLC for damages or injuries arising out the Accident.

B. That under the terms and provisions of the Progressive Northern Insurance Company Policy Number 03212473-0, Progressive Northern Insurance Company does not owe liability coverage on behalf of Defendant Marlon Harvey for any claims by or against Defendant Marlon Harvey for damages or injuries arising out the Accident.

C. That under the terms and provisions of the Progressive Northern Insurance Company Policy Number 03212473-0, Progressive Northern Insurance Company does not owe liability coverage on behalf of Defendant Darrin Robinson for any claims by or against Defendant Darrin Robinson for damages or injuries arising out the Accident.

D. That under the terms and provisions of Progressive Northern Insurance Company Policy Number 03212473-0, Progressive Northern Insurance Company does not owe or have a duty to defend or indemnify Defendant M&J Auto Center LLC for any claims by or against M&J Auto for damages or injuries arising out the Accident.

E. That under the terms and provisions of Progressive Northern Insurance Company Policy Number 03212473-0, Progressive Northern Insurance Company does not owe or have a duty to defend or indemnify Defendant Marlon Harvey for any claims by or against Defendant Marlon Harvey for damages or injuries arising out the Accident.

F. That under the terms and provisions of Progressive Northern Insurance Company Policy Number 03212473-0, Progressive Northern Insurance Company does not owe or have a duty to defend or indemnify Defendant Darrin Robinson for any claims by or against Defendant Darrin Robinson for damages or injuries arising out the Accident.

G. That under the terms and provisions of the Progressive Northern Insurance Company Policy Number 03212473-0 and the additional insured endorsement of that Policy, that Progressive Northern Insurance Company owes no liability coverage to or on behalf of Defendant Tidewater Automobile Association of Virginia, Inc. for any claims by or against Defendant Tidewater Automobile Association of Virginia, Inc. for damages or injuries arising out the Accident.

H. That under the terms and provisions of the Progressive Northern Insurance Company Policy Number 03212473-0 and the additional insured endorsement of that Policy, Progressive Northern Insurance Company does not owe or have a duty to defend or indemnify Defendant Tidewater Automobile Association of Virginia, Inc. for any claims by or against Defendant Tidewater Automobile Association of Virginia, Inc. for damages or injuries arising out the Accident.

I. That under the terms and provisions of Progressive Northern Insurance Company Policy Number 03212473-0, Progressive Northern Insurance Company does not owe or have a duty to defend or indemnify any person or entity for any claims, of any nature, arising out the Accident.

J. Any and all other relief that this Court may deem appropriate, including costs and reasonable attorney's fees, if applicable.

PROGRESSIVE NORTHERN INSURANCE COMPANY
By Counsel:

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP

*/s/ Steven C. Bergeron*
Steven C. Bergeron, #39056
3050 Chain Bridge Rd., Ste. 300
Fairfax, VA 22030
(703) 352-5175 – Phone
(703) 352-1256 – Fax
sbergeron@decarodoran.com

*/s/ Charles E. Gallagher*
Charles E. Gallagher, Jr. #28524
3050 Chain Bridge Rd., Ste. 300
Fairfax, VA 22030
(703) 352-5175 – Phone
(703) 352-1256 – Fax
cgallagher@decarodoran.com